# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-110-FDW

| ROGER EDWARDS, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| FNU BUCHANAN, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 8).

## I. BACKGROUND

*Pro se* Plaintiff, who is currently incarcerated at the Alexander Correctional Institution, filed a civil rights suit pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mountain View and Alexander C.I.s. The Defendants are Mountain View C.I. Sergeant Buchanan, Alexander C.I. Captain Chester, and Alexander C.I. Security Threat Group ("STG") Officer Dula.

Construing the Complaint liberally and accepting the allegations as true, Sergeant Buchanan retaliated against Plaintiff for filing a grievance against him in September 2016 by having Plaintiff validated as a gang member and placed on the STG list. Plaintiff denies that he is, or ever has been, a gang member and that he is not racist. Plaintiff admits that he ate with, and lifted weights with, known members of the Aryan Brotherhood, but that he had no choice in the matter because there is only one chow hall and one weight pile. In February 2018, Captain Chester and Officer Dula had Plaintiff moved to the gang block for observation and refused to take him

1

off the STG list. These same two officers came to Mountain View C.I. to interview Plaintiff for purposes of validation and asked why he was there because he did not meet any of the STG criteria. They nevertheless refused to take him off the STG list. Plaintiff claims that he and his family have "suffered greatly" because Plaintiff is not allowed to have contact visits with his family, that "other races perceive [him] as their enemy…," and that he is at greater danger of being caught up in gang violence because of his STG designation. (Doc. No. 1 at 3). Plaintiff seeks injunctive relief and compensatory and punitive damages.

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights

issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir.1978). To succeed on such a claim, a plaintiff must first allege that "the retaliatory act was taken in response to the exercise of a constitutionally protected right...." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Thereafter, a plaintiff must demonstrate that he suffered some adverse impact or actual injury. See American Civil Libs. Un. of Md., Inc. v. Wicomico Cnty., 999 F.2d 780, 785 (4th Cir. 1993) (citing Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1140 (4th Cir. 1990)). In addition, a plaintiff must come forward with specific evidence "establish[ing] that but for the retaliatory motive the complained of incident[s] ... would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); accord Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir.1991) (plaintiff must show that action would not have occurred "but for" the alleged reprisal); Collinson v. Gott, 895 F.2d 994,

1002 (4th Cir. 1990) (Phillips, J., concurring); McDonald v. Hall, 610 F.2d 16, 18–19 (1st Cir.1979). In the prison context, such claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Adams, 40 F.3d at 74.

Although Plaintiff alleges that Defendant Buchanan placed him on the STG list for exercising his First Amendment right to file a grievance, he also admits that he ate with, and lifted weights with, members of the Aryan Brotherhood. He has therefore failed to allege that his designation as a gang member associate was caused by Defendant Buchanan's retaliatory motive. Plaintiff has failed to state a retaliation claim against Defendants Chester and Dula because he does not allege that their actions – leaving him on the STG list – were taken in response to Plaintiff exercising a constitutionally protected right. Nor does he allege that Defendants Chester and Dula's actions would not have occurred but for a retaliatory motive.

In sum, Plaintiff's Complaint, as submitted, fails to state a claim against any named Defendant and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will allow Plaintiff the opportunity to amend his Complaint, if he so chooses.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to file an Amended Complaint in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to file an Amended Complaint, particularizing his claims and providing facts to support his legal claims against each Defendant. If Plaintiff fails to file an Amended Complaint accordance with this Order and within the time limit set by the Court, this action will be dismissed without

prejudice and without further notice to Plaintiff.

2. The Clerk is respectfully instructed to mail Plaintiff a new Section 1983 form for Plaintiff to submit an Amended Complaint, if he so wishes.

Signed: December 7, 2019

Frank D. Whitney
Chief United States District Judge