IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00110-MR

| | |
|---|---|
| ROGER EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU BUCHANAN, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on initial review of the Amended Complaint [Doc. 12]. Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.   BACKGROUND**

Pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Mountain View Correctional Institution. The Complaint was dismissed on initial review and Plaintiff was provided the opportunity to amend. [Doc. 9]. The Amended Complaint is now before the Court for initial review.

Plaintiff names as the sole defendant Sergeant Buchanan of the Mountain View C.I. Plaintiff alleges that Defendant Buchanan designated Plaintiff as a gang member associate on December 26, 2016 "for one reason

and one reason alone," that is, in retaliation for Plaintiff having filed a grievance. [Doc. 12 at 5]. As relief, Plaintiff asks the Court to order NCDPS to take him off the STG (security threat group) list as an associate of the Aryan Brotherhood. [Doc. 12 at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff's pro se Amended Complaint raises a retaliation claim that is not indisputably meritless on its face and appears to have been timely filed. It will therefore be permitted to proceed.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's Amended Complaint survives initial review.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Buchanan, who is alleged to be a current or former employee of NCDPS.

**IT IS, THEREFORE, ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Buchanan, who is alleged to be a current or former employee of NCDPS.

**IT IS SO ORDERED**.

Signed: June 23, 2020

Martin Reidinger
Chief United States District Judge