IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00110-MR

| | |
|---|---|
| ROGER EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| TOMMY D. BUCHANAN, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment [Doc. 31].

**I. BACKGROUND**

The incarcerated Plaintiff Roger Edwards, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mountain View Correctional Institution.[1] The Plaintiff's unverified Complaint was dismissed on initial review, and the Plaintiff was granted the opportunity to amend. [Doc. 1: Complaint; Doc. 9: Order on Initial Review of the Complaint]. The Plaintiff's unverified Amended Complaint passed initial review on a claim that the sole remaining Defendant,

---

[1] The Plaintiff is currently incarcerated at the Alexander Correctional Institution.

Tommy D. Buchanan, a correctional sergeant and Security Risk Group ("SRG") intelligence officer, had the Plaintiff designated as a gang member associate in retaliation for filing a grievance. [Doc. 12: Amended Complaint; Doc. 13: IR of the Am. Complaint]. The Plaintiff seeks injunctive relief. [Doc. 12: Amended Complaint at 5].

On November 9, 2021, Defendant Buchanan filed the instant Motion for Summary Judgment. [Doc. 31; see Docs. 32-33]. Thereafter, the Court entered an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 35: Roseboro Order]. The Plaintiff filed a Response, along with an unverified "Statement of Facts," a "Declaration" that is signed under penalty of perjury, and an unverified witness statement by Correctional Officer William Wise. [Doc. 38]. The Defendants filed a Notice of Intent to Not File a Reply. [Doc. 39]. Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to

"depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Namely, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To that end, only evidence admissible at trial may be considered by the Court on summary judgment. Kennedy v. Joy Technologies, Inc., 269 F. App'x 302, 308 (4th Cir. 2008) (citation omitted).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. Facts, however, "must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007). As the Supreme Court has emphasized,

> "[w]hen the moving party has carried its burden under Rule 56(c), the opponent must do more than simply show there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986) (footnote omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be

4

> no *genuine* issue of *material* fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-28, 106 S. Ct. 2505 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

<u>Scott</u>, 550 U.S. at 380, 127 S.Ct. at 1776.

## III. FACTUAL BACKGROUND

Viewing the parties' forecasts of evidence in the light most favorable to the Plaintiff, the following is a recitation of the relevant facts.

On or around December 14, 2016, the Western Region Intelligence Team assembled at Mountain View CI for a "validation mission" to identify gang members, with the goal of reducing and preventing gang-related violence. [Doc. 33-1: Buchanan Decl. at ¶ 6]. This included collecting the confidential statements about offenders' involvement with gangs. [<u>Id.</u> at ¶ 7]. On December 14, 2016, Officer Wise submitted a confidential statement indicating that he had observed the Plaintiff associate with three known gang members. [<u>Id.</u> at ¶ 7; Doc. 33-2: Wise Stmt. at 1]. Members of the inmate population also identified the Plaintiff as a known gang member of the Aryan Brotherhood with the gang nickname "Rabbit." [Doc. 33-1: Buchanan Decl. at ¶ 8].

On December 26, 2016, the Plaintiff filed a grievance, complaining that he had been labeled as SRG, stating that he had never been affiliated with any gang, and asking that the SRG status be removed from his record. [Id. at ¶ 12; Doc. 33-4 at 2-3: Grievance].

After the Plaintiff filed the grievance, Officer Buchanan called the Plaintiff to his office and said:

> We don't like grievances wrote up on us up here in the mountains. I'm just going to level you out as an SRG 1 gang member…. All I need are 3 criteria, let's see…
> 1.  You're talking to them…
> 2.  You're working out with them…
> 3.  You're walking with them…

[Doc. 38 at 6: Plaintiff's Decl.]. The Plaintiff told Buchanan that "he was just making things up to cover his own self," and Buchanan responded that he [Buchanan] "could do what he wants." [Id.].

The Step One Unit Response to the Grievance, dated January 12, 2017, states:

> Sergeant and SRG Officer T. Buchanan states that inmate Edwards … has met two criteria[] for validation, inmate has been found in association with known gang members and was named by inmate population as a known gang member of the Aryan Brotherhood who has the nickname of "Rabbit." Inmate Validation package is being sent to Security services for Validation. Inmate will remain on Associates list pending validation.

6

[Doc. 33-4 at 4: Step One Response]. The Plaintiff's appeals were denied on February 2 and 3, 2017. [Doc. 33-4 at 5: Step Two Response; Doc. 33-4 at 1: Step Three Response].

Meanwhile, on January 4, 2017, the confidential statements about the Plaintiff's gang involvement by Wise and other inmates were forwarded through the chain of command pursuant to "the intent all along… to address a problem with gang-related violence at Mountain View." [Id. at ¶¶ 9, 12]. On February 11, 2017, the Plaintiff was validated as a Level 1 SRG member, the lowest level of SRG validation. [Id. at ¶¶ 9-10]. This decision was made by the chain of command and others on the intelligence team. [Id.]. A total of 27 offenders at Mountain View CI were validated as SRG members at the time of the validation mission. [Id. at ¶ 10]. Officer Buchanan denies that the validation packet and validation were done in retaliation for the Plaintiff's filing of a grievance or for any other retaliatory reason, but rather, to address a problem with gang-related violence at Mountain View CI. [Id. at ¶ 12].

As a result of his continued association with gang members, the Plaintiff was investigated further on May 4, 2018, and he was validated as a Level 3 SRG member, the highest and most dangerous level of SRG classification. [Id. at ¶ 11; Doc. 33-3 SRG Investigation Printout at 1].

7

Defendant Buchanan was not directly involved in the final investigation or determination that validated the Plaintiff as a Level 3 SRG member. [Id.].

## IV. DISCUSSION

The Plaintiff alleges that Defendant Buchanan designated him as a gang member associate "for one reason and one reason alone," that is, in retaliation for the Plaintiff having filed a grievance on December 26, 2016. [Doc. 12 at 5].

The First Amendment right to free speech "includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for exercising that right." Suarez Corp. v. McGraw, 202 F.3d 676 (4th Cir. 2000). Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (citation omitted). Once the prisoner-plaintiff shows that his "protected conduct was a substantial motivating factor in a prison guard's decision to take adverse action," the burden then shifts to the

defendant to prove a permissible basis for taking that action. Id. at 300. Bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). In the prison context, retaliation claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Id.

It is undisputed that the Plaintiff engaged in First Amendment activity by filing a grievance on December 26, 2016, and that Defendant Buchanan forwarded information implicating the Plaintiff in gang activity up the chain of command on January 4, 2017. However, the Plaintiff has failed to demonstrate that a genuine dispute of material fact exists with regard to causation.

The Plaintiff has presented a forecast of evidence that Defendant Buchanan made statements suggesting that Buchanan's decision to "level [him] as an SRG 1 gang member" was in retaliation for his filing of a grievance on December 26, 2016. [Doc. 38 at 6]. Even if Plaintiff had presented a forecast showing that Plaintiff's protected conduct was a substantial motivating factor in Buchanan's decision to take adverse action, the burden then shifts to Defendant Buchanan to prove a permissible basis for taking the adverse action. Defendant Buchanan has easily satisfied this

9

burden. The forecast of objective evidence demonstrates a permissible basis for the adverse action, i.e., a confidential statement by Officer Wise that the Plaintiff associated with known gang members, and confidential statements of other inmates that the Plaintiff is a known gang member. Moreover, the December 26 Grievance demonstrates that the SRG process was already underway when the alleged retaliation occurred. [See Doc. 33-4: Grievance at 2 (complaining, on December 26, 2016, that he has been "labeled as SRG for no reason…")]. The fact that the SRG validation process was not completed until after the Plaintiff filed his grievance is insufficient to raise a reasonable inference of causation. See Wagner v. Wheeler, 13 F.3d 86, 91 (4th Cir. 1993) (generally, the mere temporal proximity between a protected activity and an allegedly retaliatory action "is simply too slender a reed on which to rest a Section 1983 retaliation claim."); see, e.g., Locke v. Solomon, No. 3:17-cv-337-FDW, 2018 WL 1950444 (W.D.N.C. April 25, 2018) (granting judgment on the pleadings on a retaliation claim where the defendant merely followed through on his pre-grievance decision to recommend an STG classification, after a grievance was filed). The forecast of evidence demonstrates that there is no genuine dispute of material fact for a jury, and the Defendant's Motion for Summary Judgment will be granted.

## IV. CONCLUSION

For the reasons stated herein, the Court will grant Defendant Buchanan's Motion for Summary Judgment.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Buchanan's Motion for Summary Judgment [Doc. 31] is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**. The Clerk is respectfully directed to terminate this action.

**IT IS SO ORDERED**.

Signed: February 17, 2022

Martin Reidinger
Chief United States District Judge